**Siteri VUNISAWANA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70123.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2004.*

Decided Feb. 18, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Peter L. Ashman, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Phoenix, AZ, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Siteri Vunisawana, a native and citizen of Fiji, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of asylum, of withholding removal, and of protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

We review the BIA's denial of asylum for substantial evidence and reverse only if the evidence was such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Vunisawana's fear of persecution because of the general conditions of warfare or strife does not amount to a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion," 8 U.S.C. § 1101(a)(42)(A). Vunisawana has failed to present such evidence as might compel a reasonable person to find her eligible for asylum.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

As Vunisawana has failed to demonstrate that she is eligible for asylum, she also does not qualify for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). She also fails to meet the standard for relief under the Convention Against Torture: that she is more likely than not to be tortured if she returns to Fiji. *See Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

### PETITION FOR REVIEW DENIED